United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 06, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 20-60052 |
| WILLIAM L. SCIBA, JR., | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | CHAPTER 13 |

## MEMORANDUM OPINION

Prosperity Bank, N.A. seeks $15,992.99 in post-petition attorney's fees. Of this amount, $925.50 is denied on the grounds that $925.50 of the billed work is clerical in nature. The Court awards Prosperity $15,067.49 in attorney's fees. Sciba also seeks attorney's fees in its objection to Prosperity's fee notices. The Court denies the attorney's fees requested by Sciba.

## BACKGROUND

On August 31, 2020, William L. Sciba Jr. filed a petition under Chapter 13 of the Bankruptcy Code. The Court confirmed Sciba's Chapter 13 plan on April 12, 2022. ECF No. 141.

Sciba's schedules list Prosperity Bank, N.A. ("Prosperity") as his mortgage creditor. Prosperity's promissory note includes a clause stating that "Lender may hire an attorney to help collect this Note if I do not pay, and I will pay Lender's reasonable attorneys' fees." ECF Nos. 176-1 at 2. In 2022 and 2023, Prosperity filed three Notice of Post-Petition Mortgage Fees, Expenses and Charges ("Notice of Fees Due"). Each notice requests attorney's fees at an hourly rate of $255 from November 2, 2021, to December 31, 2021, and $295 from January 3, 2022.

Prosperity filed its Third Notice of Fees Due on February 29, 2022, seeking attorney's fees of $8,318.59. ECF No. 137. Sciba objected to the Notice on April 27, 2023. ECF No. 173. The objection requests an award of attorney's fees and expenses of at least $750. ECF No. 173 at 6. Prosperity responded to the objection on May 19, 2023. ECF No. 174.

Prosperity filed the Fourth Notice of Fees Due on October 4, 2022, seeking attorney's fees of $3,602.60. ECF No. 148. Sciba objected to the Notice on October 3, 2023. ECF No. 186. The objection requests an award of attorney's fees and expenses of at least $1,000. ECF No. 186 at 7. Prosperity responded to the objection on November 3, 2023. ECF No. 188.

Prosperity then filed the Fifth Notice of Fees Due on March 31, 2023, seeking attorney's fees of $4,071.8. ECF No. 172. Sciba objected to the Notice on November 30, 2023. ECF No. 192. The objection requests an award of attorney's fees and expenses of at least $1,000. ECF No. 192 at 8. Prosperity responded to the objection on December 14, 2023. ECF No. 193.

The Court held two hearings on the notices and objections. The first hearing occurred on June 14–15, 2023. The second hearing occurred on November 8, 2023. During the second hearing, both parties agreed that the Court would take all three Notices of Fees Due, objections, and responses under advisement.

I.    **ENTRIES CHALLENGED BY SCIBA**

Sciba challenges the attorney's fees entries on three grounds: (i) vague or lumped descriptions, (ii) inclusion of clerical work, and (iii) excessive time spent.

Sciba objects to the following entries on grounds that their descriptions are either vague or lumped:

| No. | Date | Hours | Description |
|-----|------|-------|-------------|
| 1 | 11/02/21 | 0.1 | E-mails to and from opposing attorney.  ECF No. 137 at 3. |
| 2 | 11/04/21 | 0.2 | Reviewing e-mails from opposing attorney, Tiffany Castro, and Lance Duke.  ECF No. 137 at 3. |
| 3 | 11/16/21 | 0.2 | E-mails to and from client.  ECF No. 137 at 3. |
| 4 | 12/20/21 | 0.3 | E-mails to and from client.  ECF No. 137 at 5. |
| 5 | 12/20/21 | 0.8 | Telephone conference with client.  ECF No. 137 at 5. |
| 6 | 12/23/21 | 0.8 | Telephone conference with client.  ECF No. 137 at 5. |
| 7 | 01/13/22 | 0.5 | E-mail to and from client.  ECF No. 137 at 7. |
| 8 | 01/18/22 | 0.1 | E-mail to and from opposing attorney.  ECF No. 137 at 7. |
| 9 | 01/21/22 | 0.4 | E-mails to and from client.  ECF No. 137 at 7. |
| 10 | 01/24/22 | 0.2 | E-mails to and from Tiffany Castro.  ECF No. 137 at 7. |
| 11 | 01/28/22 | 0.2 | E-mails to and from Tiffany.  ECF No. 137 at 7. |
| 12 | 02/01/22 | 0.1 | E-mails to and from Pam.  ECF No. 137 at 9. |

| 13 | 02/01/22 | 0.5 | Telephone conference with client. ECF No. 137 at 9. |
|----|----------|-----|------------------------------------------------------|
| 14 | 02/01/22 | 0.1 | E-mails to and from Tiffany Castro. ECF No. 137 at 9. |
| 15 | 02/02/22 | 0.2 | E-mails to and from client.  ECF No. 137 at 9. |
| 16 | 02/09/22 | 0.3 | E-mail to Tiffany.  ECF No. 137 at 9. |
| 17 | 02/14/22 | 0.1 | E-mail from Tiffany.  ECF No. 137 at 9. |
| 18 | 02/15/22 | 0.3 | E-mails to and from Tiffany.  ECF No. 137 at 9. |
| 19 | 02/18/22 | 0.8 | Telephone conference with Tiffany regarding outstanding issues.  ECF No. 137 at 11. |
| 20 | 02/18/22 | 0.5 | E-mail to client regarding same.  ECF No. 137 at 10. |
| 21 | 03/09/22 | 0.2 | E-mail to and from client.  ECF No. 137 at 11. |
| 22 | 04/07/22 | 0.1 | E-mails to and from Tiffany.  ECF No. 148 at 3. |
| 23 | 04/07/22 | 0.2 | Telephone conference with client. ECF No. 148 at 3. |
| 24 | 04/07/22 | 0.1 | E-mail to client.  ECF No. 148 at 3. |
| 25 | 04/12/22 | 0.3 | Telephone conference with client. ECF No. 148 at 3. |
| 26 | 04/12/22 | 0.3 | E-mails to and from Tiffany.  ECF No. 148 at 3. |

| 27 | 04/12/22 | 0.2 | E-mail to and from opposing attorney. ECF No. 148 at 3. |
| --- | --- | --- | --- |
| 28 | 04/12/22 | 0.2 | Telephone conference with same. ECF No. 148 at 3. |
| 29 | 04/12/22 | 0.1 | E-mails to client. ECF No. 148 at 3. |
| 30 | 04/12/22 | 0.7 | Review plan provisions and legal support for debtor's non-standard provisions. ECF No. 148 at 3. |
| 31 | 04/12/22 | 0.4 | Finalizing and filling Third Notice of Post-Petition Fees. ECF No. 148 at 3. |
| 32 | 05/03/22 | 0.2 | E-mails to and from client. ECF No. 148 at 5. |
| 33 | 05/03/22 | 0.1 | E-mails to and from client. ECF No. 148 at 5. |
| 34 | 06/22/22 | 0.4 | E-mails to from client regarding Notice of Mortgage Payment Change. ECF No. 148 at 6. |
| 35 | 07/22/22 | 0.1 | E-mail to client. ECF No. 148 at 7. |
| 36 | 09/06/22 | 0.2 | E-mails to and from client. ECF No. 148 at 8. |
| 37 | 09/07/22 | 1.0 | Multiple calls and e-mails with client regarding payoff and billing statement. ECF No. 148 at 8. |
| 38 | 09/08/22 | 0.1 | E-mails to and from trustee's office. ECF No. 148 at 8. |
| 39 | 09/08/22 | 0.6 | E-mails to and from client regarding arrearage payments. ECF No. 148 at 8. |

| | | | |
|---|---|---|---|
| 40 | 09/09/22 | 0.3 | Telephone conference with trustee's office. ECF No. 148 at 8. |
| 41 | 09/09/22 | 0.9 | E-mails to and from client regarding arrearage payment. ECF No. 148 at 8. |
| 42 | 09/09/22 | 0.1 | Telephone conference with client. ECF No. 148 at 8. |
| 43 | 09/09/22 | 0.1 | E-mails to opposing attorney. ECF No. 148 at 8. |
| 44 | 11/08/22 | 0.2 | Telephone conference with client. ECF No. 172 at 4. |
| 45 | 11/09/22 | 0.2 | Check trustee's records. ECF No. 172 at 4. |
| 46 | 11/09/22 | 0.2 | E-mails to and from trustee. ECF No. 172 at 4. |
| 47 | 11/09/22 | 0.2 | E-mails to and from client. ECF No. 172 at 4. |
| 48 | 11/10/22 | 0.1 | E-mails to and from trustee. ECF No. 172 at 4. |
| 49 | 11/28/22 | 0.1 | Telephone conference with client. ECF No. 172 at 4. |
| 50 | 11/28/22 | 0.1 | E-mails to and from same. ECF No. 172 at 4. |
| 51 | 01/04/23 | 0.1 | E-mails to and from client. ECF No. 172 at 5. |
| 52 | 01/04/23 | 0.2 | Check trustee's record. ECF No. 172 at 5. |
| 53 | 01/13/23 | 0.1 | Telephone conference with opposing attorney. ECF No. 172 at 5. |

| 54 | 01/13/23 | 0.2 | E-mails to and from client. ECF No. 172 at 5. |
|----|----------|-----|------------------------------------------------|
| 55 | 01/13/23 | 0.5 | Calculating accrued attorney's fees. ECF No. 172 at 5. |
| 56 | 01/17/23 | 0.3 | E-mails to and from client. ECF No. 172 at 5. |
| 57 | 01/17/23 | 0.2 | Telephone conference with debtor's attorney. ECF No. 172 at 5. |
| 58 | 01/17/23 | 0.2 | E-mails to debtor's attorney. ECF No. 172 at 5. |
| 59 | 01/18/23 | 0.9 | E-mails to and from client. ECF No. 172 at 5. |
| 60 | 01/18/23 | 0.8 | Preparing for and attending hearing on Trustee's Motion to Dismiss. ECF No. 172 at 5. |
| 61 | 01/18/23 | 0.3 | E-mail to client. ECF No. 172 at 5. |
| 62 | 01/26/23 | 0.1 | E-mails from opposing attorney. ECF No. 172 at 5. |
| 63 | 01/26/23 | 0.3 | E-mails to client. ECF No. 172 at 5. |
| 64 | 01/27/23 | 0.3 | E-mails to and from opposing attorney. ECF No. 172 at 5. |
| 65 | 01/30/23 | 0.1 | E-mails to and from. ECF No. 172 at 5. |
| 66 | 01/31/23 | 0.8 | E-mails to and from client regarding documents requested by opposing attorney. ECF No. 172 at 5. |
| 67 | 02/01/23 | 0.2 | E-mails to and from opposing attorney. ECF No. 172 at 7. |

| 68 | 02/08/23 | 0.3 | E-mails to and from client. ECF No. 172 at 7. |
| 69 | 02/08/23 | 0.1 | E-mails to and from trustee. ECF No. 172 at 7. |
| 70 | 02/09/23 | 0.1 | E-mails from court's case manager and trustee's attorney. ECF No. 172 at 7. |
| 71 | 02/13/23 | 0.2 | Receipt and processing of e-mails from court's case manager and trustee's attorney. ECF No. 172 at 7. |
| 72 | 02/13/23 | 0.1 | E-mails to and from client. ECF No. 172 at 7. |
| 73 | 02/23/23 | 0.3 | E-mails to and from trustee's office. ECF No. 172 at 7. |

Sciba objects to the following entries on grounds that the work is clerical:

| No. | Date | Hours | Description |
|---|---|---|---|
| 1 | 11/15/21 | 0.1 | Receipt and processing of Trustee's Withdrawal of Objection to Prosperity's Notice. ECF No. 137 at 3. |
| 2 | 11/16/21 | 0.1 | Receipt and processing of bankruptcy pleadings. ECF No. 137 at 3. |
| 3 | 11/22/21 | 0.2 | Gathering fee invoices. ECF No. 137 at 3. |
| 4 | 11/24/21 | 1.0 | Drafting and filing Notice of Post-Petition Mortgage Fees. ECF No. 137 at 3. |

| 5 | 01/19/22 | 0.7 | Assembling exhibits and drafting exhibit list for confirmation hearing. ECF No. 137 at 7. |
| 6 | 02/09/22 | 0.3 | Receipt and processing of court orders. ECF No. 137 at 9. |
| 7 | 03/09/22 | 0.1 | Receipt and processing of court orders. ECF No. 137 at 11. |
| 8 | 06/03/22 | 0.2 | Receipt and processing of Trustee's pleading. ECF No. 148 at 6. |
| 9 | 06/23/22 | 0.2 | Filing Notice of Mortgage Payment Change. ECF No. 148 at 6. |
| 10 | 07/22/22 | 0.1 | Receipt and processing of bankruptcy pleadings. ECF No. 148 at 7. |
| 11 | 10/04/22 | 0.4 | Completing and filling Forth Notice of Post petition fees. ECF No. 172 at 3. |
| 12 | 01/04/23 | 0.2 | Filing Notice of Mortgage Payment Change. ECF No. 172 at 5. |

Sciba objects to the following entries on grounds that the time spent on the described work is excessive:

| No. | Date | Hours | Description |
|---|---|---|---|
| 1 | 11/24/21 | 1.0 | Drafting and filing Notice of Post Petition Mortgage Fees. ECF No. 137 at 3. |
| 2 | 02/02/22 | 0.6 | Finalizing and filing Notice of Mortgage Payment Change. ECF No. 137 at 9. |

| 3 | 02/09/22 | 1.4 | E-mails to and from client regarding escrow.  ECF No. 137 at 9. |
|---|---|---|---|
| 4 | 02/17/22 | 0.6 | Telephone conference with client regarding escrow.  ECF No. 137 at 10. |
| 5 | 02/18/22 | 0.5 | Studying escrow issue.  ECF No. 137 at 10. |
| 6 | 04/13/22 | 0.2 | Receipt and processing of court orders.  ECF No. 148 at 3. |
| 7 | 04/13/22 | 1.1 | Prepare for and attend Dismissal Hearing.  ECF No. 148 at 3. |
| 8 | 05/17/22 | 0.4 | Drafting Withdrawal of Objection.  ECF No. 148 at 5. |
| 9 | 09/07/22 | 1.6 | Legal research on same (regarding payoff and billing statement).  ECF No. 148 at 8. |
| 10 | 01/27/23 | 1.1 | E-mails to and from client regarding payoff.  ECF No. 172 at 5. |
| 11 | 01/31/23 | 0.2 | E-mail to opposing attorney.  ECF No. 172 at 5. |
| 12 | 02/08/23 | 0.2 | Receipt and processing of court order.  ECF No. 172 at 7. |
| 13 | 03/30/23 | 0.5 | Work on Fifth Notice of Post petition fees.  ECF No. 172 at 9. |
| 14 | 03/31/23 | 0.2 | Finalize and file Fifth Notice of Post petition fees.  ECF No. 172 at 9. |

## JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Venue is proper in this District pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2). The dispute has been referred to the Bankruptcy Court under General Order 2012-6.

## DISCUSSION

Section 1322(b)(2) of the Bankruptcy Code governs a mortgage lender's right to collect legal fees permitted under a mortgage contract. *In re Padilla*, 379 B.R. 643, 656–57 (Bankr. S.D. Tex. 2007). Section 1322(b)(2) "requires a confirmed plan to preserve a lender's pre-petition rights under its pre-petition contract." *Id*. The limitation applies to claims "secured only by a security interest in real property that is the debtor's principal residence." *See* 11 U.S.C. § 1322(b)(2). "However, a mortgage lender's *exercise* of contracts rights is not without limits." *In re Padilla*, 379 B.R. at 656. The manner and amount of charges a lender may collect under a pre-petition contract are governed by the Bankruptcy Code, the order confirming the plan, and applicable non-bankruptcy law. *See id*.

Bankruptcy Rule 3002.1(c) states:

> The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

Fed. R. Bankr. P. 3002.1(c). Rule 3002.1(e) provides a mechanism for challenging fees claimed under Rule 3002.1(c). The Rule states:

> On motion of the debtor or trustee filed within one year after service of a notice under subdivision (c) of this rule, the court shall, after notice and hearing, determine whether payment of any claimed fee, expense, or charge is required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with § 1322(b)(5) of the Code.

Fed. R. Bankr. P. 3002.1(e).

Sciba's promissory note provides that "Lender may hire an attorney to help collect this Note if I do not pay, and I will pay the Lender's reasonable attorneys' fees." ECF No. 176-1 at 2. The applicable mortgage contracts are governed by Texas law. ECF Nos. 176-1 at 2; 176-2 at 6. "Under Texas law, reasonableness of attorneys fees is a question of fact and must be supported by competent evidence." *In re Padilla*, 379 B.R. at 660. Texas courts review the following factors in determining the reasonableness of fees:

> (1) the time and labor involved, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

*Id.* at 660. Similarly, under *Johnson v. Georgia Highway Exp., Inc.*, the Fifth Circuit considers the following factors in determining reasonableness: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney

due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d 714, 717–19 (5th Cir. 1974). The factors utilized by Texas courts and courts in this Circuit are substantially the same and reach an identical result.

"When reviewing an application for recovery of fees, the court must scrutinize the application in order to ensure an equitable distribution of estate property." *In re Tucker*, 391 B.R. 404, 407 (Bankr. S.D. Tex. 2008); *see also Young v. Higbee Co.,* 324 U.S. 204, 210 (1945).

The parties do not dispute that Prosperity may collect post-petition attorney's fees under its promissory note. The parties also do not dispute that Prosperity has met the notice requirements of Bankruptcy Rule 3002.1(c). The only issue is whether the attorney's fees requested by Prosperity are reasonable.

## I.   VAGUE OR LUMPED ENTRIES

If an applicant's supporting documentation is vague or incomplete, the district court may reduce or eliminate requested fees. *In re Pape*, No. 13-33948, 2014 WL 2567443, at *3 (Bankr. S.D. Tex. June 6, 2014); *see also Hensley v. Echerhart*, 462 U.S. 424, 433 (1983). A time entry may be denied as vague if multiple services are lumped together without distinguishing the time spent on each task. *In re Trevino*, 648 B.R. 847, 875 (Bankr. S.D. Tex. 2023). Block-billed entries are typically reduced because they lack specificity from which the court can determine their reasonableness and necessity. *Id.* On the other hand, the Fifth Circuit recognizes that the practical considerations of the daily practice of law preclude describing the services rendered in excruciating detail. *League of United Latin Am. Citizens No. 4552*

*(LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997).

In this case, two entries appear lumped. The first entry is on 09/07/22 for 1.0 hours, described as "multiple calls and e-mails with client regarding payoff and billing statement." ECF No. 148 at 8. The second entry is on 01/18/23 for 0.8 hours, described as "preparing for and attending hearing of Trustee's Motion to Dismiss." ECF No. 172 at 5. These entries total 1.8 hours. With respect to the first entry, although lumped, the amount of time expended is within the range of other similar billed entries. The time expended on e-mails to and from client ranged from 0.1 to 0.9 hours. Although "multiple calls and e-mails" lacks specificity, a 1.0-hour time entry does not significantly depart from this range. The Court concludes the entry is within the reasonable amount of time expended on the services. With respect to the second entry, although preparing and attending a motion to dismiss hearing are lumped, 0.8 hours is within a reasonable range for competent completion of the tasks. Accordingly, the time entries are reasonable.

Entries regarding communications between the attorney and clients, trustees, or opposing parties are not vague solely because they do not specify the necessity or purpose of each communication. For interoffice communications, lawyers need not provide a detailed explanation of the necessity of the conference or each lawyer's role, as long as it is clear from the evidence that such a conference was reasonable and necessary for the case. *In re Pape*, 2014 WL 2567443, at *4. Communications between the attorney and clients, trustees, or opposing parties should follow the same principle. In this case, the frequency and duration of the communications are understandable. Given the procedural history and practical considerations of daily practice of law, these communications are deemed necessary and not vague.

Sciba's vagueness and lumped entry objections to Prosperity's fee notices are denied.

## II. CLERICAL WORK

While some clerical tasks may be compensable, some are considered unrecoverable overhead expenses. *In re Trevino*, 648 B.R. at 897. For example, tasks such as photocopying and organizing documents are clerical tasks, for which the attorney is not entitled to be compensated from the bankruptcy estate. *In re Hudson*, 364 B.R. at 881; *see also In re Raygoza*, 556 B.R. at 823 (holding time spent drafting and filing a proof of claim to be partially administrative and not recoverable as attorney's fees). "An act is ministerial when it 'involves obedience to instructions or laws instead of discretion, judgment, or skill.'" *In re Raygoza*, 556 B.R. at 822 (citing *Ministerial*, Black's Law Dictionary (10th ed. 2014)).

In the instant case, gathering fee invoices is clerical. Although Prosperity's attorney must determine which invoices need to be gathered, the gathering itself does not require any legal analysis. The entry on 11/22/21 for 0.2 hours labeled as "gathering fee invoices" is denied. ECF No. 137 at 3.

Courts in this district have found that, in the absence of evidence to the contrary, the preparation and filing of a Notice of Mortgage Payment Change is clerical in nature and not recoverable under Bankruptcy Rule 3002.1(e). *In re Ortega*, No. 10-40698-H3-13, 2013 WL 2099726, at *2 (Bankr. S.D. Tex. May 14, 2013); *In re Boyd*, Case No. 12-80400-H3-13, 2013 WL 1844076, at *3–4 (Bankr. S.D. Tex. 2013). In *Boyd*, the court reasoned that "no fee should be charged to a debtor for filing the form providing Notice as a creditor has a duty under nonbankruptcy law to inform a debtor of the amounts that come due under a mortgage." *Boyd*, 2013 WL 2099726, at *2.

The same reasoning applies to the preparation and filing of Notice of Post-Petition Mortgage Fees. These notices are prepared on a standard form similar to that of a Notice of Mortgage Payment Change. They also fall within a creditor's duty under nonbankruptcy law to inform a debtor of amounts due under a mortgage. The time entries for

work performed in connection with the Notice of Mortgage Payment Change and Notice of Post-Petition Mortgage Fees forms are not recoverable. ECF Nos. 135 at 3; 137 at 3, 9; 148 at 6; 172 at 3, 5, 9.

The receipt and processing of legal documents is not clerical. As Prosperity stated during the June 15, 2023, hearing, creditor's counsel needs to review the documents upon receipt and conduct an instant, brief legal analysis. ECF No. 188 at 2. The fees are recoverable.

Therefore, on this portion of the objection, the Court denies claimed attorney's fees as follows: (0.2 + 1.0) hours * \$255 + (0.2 + 0.4 + + 0.6 + 0.2 + 0.7) hours * \$295 = \$925.50.

### III.  EXCESSIVE TIME

"Generalized statements that time spent was unreasonable or unnecessary are not particularly helpful and not entitled to much weight." *In re Trevino*, 648 B.R. at 880–81.

The Court agrees with Sciba's excessiveness objections to the time entries regarding the preparation of the Notice of Post-Petition Mortgage Fees and the Notice of Mortgage Payment Change forms. These forms are short and not complex in nature. Given Prosperity's sophistication in mortgage practice, it should not require attorney assistance to prepare and file the form for more than 0.5 hours. However, the fees are denied above in their entirety on the grounds that preparation of the forms is unrecoverable clerical work. There is no basis for finding that Prosperity's other time entries are excessive.

Sciba's excessiveness objections to Prosperity's fee notices are denied.

### IV.  SCIBA'S ATTORNEY'S FEES REQUEST

Under the American Rule, each party pays its own attorney's fees arising out of litigation, and the prevailing litigant is ordinarily not entitled to collect reasonable attorney's fees from the loser. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). There

are five exceptions to the general rule: (i) a statute authorizes them, (ii) a provision in a contract allows them, (iii) when a litigant has deliberately disobeyed a court order, (iv) when a litigant has acted in bad faith, and (v) when a litigant recovers a common fund for the benefit of a group. *In re Sorrell*, 292 B.R. 276, 289 (Bankr. E.D. Tex. 2002).

Sciba requested Prosperity pay his attorney's fees for preparation of three fee objections without arguing any exceptions to American Rule. Sciba's request is denied.

Moreover, Sciba is not the prevailing party. Even if he could argue that equity authorized fee shifting, that is not the case when Sciba's objections are largely overruled.

## CONCLUSION

The Court will enter an order consistent with this Memorandum Opinion.

SIGNED 08/06/2024

                                             Marvin Isgur
                                             United States Bankruptcy Judge

## Appendix

## Itemization of Disallowed Fees

| No. | Date | Hours | Description | Reason | Hours Reduced | Amount Denied | Total Award |
|---|---|---|---|---|---|---|---|
| 1 | 11/22/21 | 0.2 | Gathering fee invoices | clerical | 0.2 | $51 | $0 |
| 2 | 11/24/21 | 1.0 | Drafting and filing Notice of Post-Petition Mortgage Fees | clerical | 1.0 | $255 | $0 |
| 3 | 02/02/22 | 0.6 | Finalizing and filing Notice of Mortgage Payment Change | clerical | 0.6 | $177 | $0 |
| 4 | 06/23/22 | 0.2 | Filing Notice of Mortgage Payment Change | clerical | 0.2 | $59 | $0 |
| 5 | 10/04/22 | 0.4 | Completing and filling Fourth Notice of Post Petition Fees | clerical | 0.4 | $118 | $0 |
| 6 | 01/04/23 | 0.2 | Filing Notice of Mortgage Payment Change | clerical | 0.2 | $59 | $0 |

| 7 | 03/30-31/23 | 0.7 | Two entries regarding Fifth Notice of Postpetition Fees | clerical | 0.7 | $206.50 | $0 |